UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LASHAWN FORTNER,<br>　　　　Plaintiff,<br>　　v.<br>LAKE COUNTY JAIL, et al.,<br>　　　　Defendants. | Case No. 25-cv-02506-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pre-trial detainee[1] currently housed at Lake County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 12) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Under 28 U.S.C. § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] The Court presumes that Plaintiff is a pre-trial detainee as he states that his criminal case is ongoing. Dkt. No. 1 at 2.

1    defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings
2    must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir.
3    2020).
4         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
5    claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
6    necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
7    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
8    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
9    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
10   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
11   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
12        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
14   the alleged violation was committed by a person acting under the color of state law. *See West v.*
15   *Atkins*, 487 U.S. 42, 48 (1988).

**B.    Dismissal with Leave to Amend**

The complaint names as defendants "Lake County Jail, Lake County Jail Staff + Aid Tech, Ms. Peggy Perry." The complaint makes the following allegations. Plaintiff was retaliated against after he filed grievances regarding Aid Tech Peggy Perry, Deputy Cline, and Deputy Hodges. Plaintiff was denied his medical rights. Deputies mimicked Plaintiff and made fun of him, which made him feel inhuman. Medical staff called Plaintiff the boy who cried wolf. When Plaintiff sends out mail, it is returned to him. The jail is not paying for Plaintiff's mail to go out. Sgt. Jacobs, Lt. Holland, and Capt. Wells told deputies not to send out Plaintiff's mail and not to sign Plaintiff's legal work. Plaintiff's grievances are all denied. The Aid Tech refused to answer when Plaintiff pressed his intercom button, stating that Plaintiff was argumentative. Aid tech Perry deliberately denied Plaintiff and other inmate "mental health coping skills rights" and retaliated against Plaintiff to try to murder him and deny him medical attention. Aid tech Perry lied to Sgt. Jacobs, Lt. Holland, and Capt. Wells that Plaintiff never pressed the intercom button. *See*

*generally* Dkt. No. 12.

The Court DISMISSES the complaint because it suffers from various deficiencies, some of which the Court identifies below.

First, the complaint does not allege any violation of federal law or the federal Constitution, as is needed to state a claim under 42 U.S.C. § 1983 and for federal subject matter jurisdiction.

Second, the complaint violates the joinder rule set forth in Fed. R. Civ. P. 20. Fed. R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In this action, Plaintiff may only seek relief for incidents that (1) arise out of the same occurrence; and (2) have a common question of law or fact common to all defendants. For example, Plaintiff's allegations regarding Aid Tech Perry failing to respond when he pressed the intercom button is a separate event from the alleged mail tampering or mimicking. Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements. Plaintiff should file separate actions for the claims that arise out of separate occurrences.

Third, Plaintiff has only proffered conclusory allegations. It is unclear how the mimicking or refusal to answer an intercom button harmed Plaintiff to the extent that Plaintiff's constitutional rights were violated. Plaintiff is cautioned that not every unpleasant interaction with jail officials gives rise to a constitutional violation. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983). Differences of opinion in medical treatment also do not state an Eighth Amendment claim. *See Simmons v. G. Arnett*, 47 F.4th 927, 935 (9th Cir. 2022).

1      Fourth, to the extent that Plaintiff seeks to sue Lake County Jail or Lake County Jail
2 Medical, Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e.,
3 liability solely because a defendant is a supervisor or otherwise responsible for the actions or
4 omissions of another. *See Mortimer v. Baca*, 594 F.3d 714, 721 (9th Cir. 2010). If Plaintiff is
5 seeking to hold the Lake County Jail liable for constitutional violations, he is alleging a municipal
6 liability claim against Lake County, and the proper defendant for Plaintiff's municipal liability
7 claim would be Lake County itself. *Cf. Vance v. County of Santa Clara*, 928 F. Supp. 993, 996
8 (N.D. Cal. 1996) (dismissing Santa Clara County Department of Corrections from Section 1983
9 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the
10 County is not"); *Stump v. Gates*, 777 F.Supp. 808, 816 (D. Colo. 1991) (noting that, "although
11 some courts have overlooked it, naming a municipal department as a defendant is not an
12 appropriate means of pleading a § 1983 action against a municipality"). However, in order to state
13 a cognizable municipal liability claim against Lake County, Plaintiff must allege facts from which
14 it can be reasonably inferred that the constitutional violations were because of an expressly
15 adopted official Lake County policy, a long-standing Lake County practice or custom, or the
16 decision of a final Lake County policymaker. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066
17 (9th Cir. 2013) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)).
18      In the interests of justice, the Court grants Plaintiff leave to file an amended complaint.

### C. Addressing Plaintiff's Frequent Filings

20      Plaintiff has filed at least ten lawsuits in the Central District of California and this district
21 since January 2025. In these lawsuits, after filing the initial complaint, Plaintiff also files letters
22 that inform the Court of any wrongs that he allegedly suffers as he experiences them.
23      To assist Plaintiff in effectively seeking relief for alleged mistreatment, the Court provides
24 Plaintiff the following guidance.
25      First, in this Court, Plaintiff should only file actions over which the Court has jurisdiction.
26 Federal courts are courts of limited jurisdiction, which means that the Court is limited in the issues
27 it may consider and relief it may provide. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.
28 375, 377 (1994). For this Court to have jurisdiction over an action, there must be either (1)

the operative complaint. Currently there is no operative complaint. Plaintiff cannot add events to his complaint via letters. Plaintiff should therefore refrain from writing letters to the Court to report on events as they happen as these letters have no legal effect, and the Court cannot take action on letters. Filing numerous letters clutters the docket and may delay the Court's ability to address meritorious requests or issues.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 25-02506 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   5/6/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge